Henderson, Chief-Justice,
 

 after stating the case as above proceeded : — This action cannot be sustained.— It is too well settled, to require either argument or authority to show, that a written document cannot by parol be made to mean any thing but what its words, that is, itself imports. It certainly cannot be contradicted. I enter not into the doctrine of ambiguities, either
 
 *510
 
 latent or patent. The case does not require it. Parol evidence can neither
 
 bend
 
 the bond to the record, northe record to the bond. It was therefore properly rejected. Then as to the breach proven by the record. The breach alleged is, as it should be, according to the meaning of the words of the condition ; that is, according of their
 
 legal
 
 import; to-wit, that the Court, either the Supreme- Court or that of Lenoir, (for I give no opinion, whether the decree of that Court, or any Court having jurisdiction of the cause, is not within the legal import of the words, “the final decree of the Supreme Court,”) rendered a judgment in the suit mentioned in the condition of the bond aforesaid, wherein
 
 Isaac Coleman
 
 is Plaintiff and
 
 John Crumpler
 
 and
 
 Mary Crumpler
 
 are Defendants. The record offered to support that breach proved, that there was a decree in a suit wherein
 
 Isaac Coleman
 
 was Plaintiff, and
 
 John Crumpler
 
 and
 
 Mary Coleman
 
 were Defendants, which
 
 Crumpler
 
 had failed to perform. Certainly such evidence cannot, by the most strained construction, support the allegation made in the replication. The Judge was therefore right in instruct-' ing the jury, that there was no evidence. This mistake, for it evidently is one, is much to be lamented
 
 ;
 
 but the Court cannot correct it, or bind these Defendants further than they have bound themselves.
 

 Per Curiam. — Let the judgment below be affirmed-.